# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

UNITED STATES OF AMERICA                    CRIM. NO. 08-0010-01

VERSUS                                       JUDGE DOHERTY

KENDRICK SHANE BOUDREAUX            MAGISTRATE JUDGE HILL

### REPORT AND RECOMMENDATION

The defendant, Kendrick Shane Boudreaux, was indicted in January 2008 in a four count indictment charging him with possessing with intent to distribute crack cocaine and the possession of a 10 mm semiautomatic pistol during, and in relation to, a drug trafficking crime.   The indictment further alleges that at the time the defendant possessed the pistol he was a convicted felon and, further, that the defendant knew that the said pistol was stolen. [record Doc. 1]. The indictment alleges that these offenses were committed on or about February 12, 2003 in Acadia Parish.

The defendant moved to dismiss the indictment on two grounds: first, that the government sought and obtained the indictment despite the general rule against dual prosecutions embodied in the *Petite* doctrine, and secondly that the government delayed indicting the defendant for an unreasonable length of time in order to obtain an unfair tactical advantage at trial in violation of the due process clause of the Fifth  Amendment. [record Doc. 16].

The government opposed the defendant's motion arguing that the Justice Department's policy against dual prosecutions, acknowledged in *Petite v. United States*, 80 S.Ct. 450 (1960), was merely an internal rule of the Justice Department and, as such, could not be invoked by a defendant to avoid prosecution. Additionally, the government attached a copy of a letter dated November 15, 2007, by John C. Keeney, Deputy Assistant Attorney General, Criminal Division, United States Department of Justice, which authorized this prosecution of the defendant, Boudreaux. [record Doc. 18, attachment]

Lastly, the government denied that it had unreasonably delayed the defendant's indictment in order to gain a tactical advantage. [record Doc. 18, ¶ 5].

For those reasons set out below, the undersigned recommends that the motion to dismiss be **denied**.

### *Petite* Policy

At the hearing on this motion, counsel for the defendant acknowledged having no legal basis for his motion to dismiss based on an alleged violation of the Department of Justice's *Petite* policy.   The letter attached to the government's opposition clearly shows that a dual prosecution in this case has been approved by the Department of Justice.

Even if that were not the case, it is clear that a criminal defendant cannot avoid prosecution by relying on the internal policy of the Justice Department acknowledged in *Petite*.   *United States v. Rodriguez,* 948 F.2d 914, 915 ( 5th Cir. 1991); *United States v.*

*Espy*, 1996 WL 607018, *3 ( E.D. La. 1996) ("The Fifth Circuit has uniformly held that a criminal defendant cannot invoke the Petite Policy in order to bar a prosecution").

Thus, this argument of the defendant fails.

**Unreasonable delay**

At the hearing, counsel for the defendant acknowledged that he could show no actual prejudice attributable to the government's delay in obtaining this indictment. The government's case agent testified that the government did not learn of the defendant's arrest in 2003 until late 2007, at which time the government commenced its investigation. Apparently, that investigation was essentially limited to obtaining the court records of the defendant's guilty plea and the police reports of the incidents which gave rise to his initial arrest. The defendant put on no evidence.

Thus, it is uncontradicted that the government did not purposely delay its indictment of the defendant; rather, the government quickly indicted the defendant after learning of the facts set out in the indictment. Clearly, the defendant has failed to show that the government acted purposely with the intention of gaining a tactical advantage at trial.

In *United States v. Crouch*, 84 F.3d 1497 (5th Cir. 1996), the Fifth Circuit, *en banc*, held that

> . . .  where an indictment is returned within the statute of limitations, preindictment delay does not violate due process unless that delay, in addition to prejudicing the accused, was intentionally brought about by the government for the purpose of gaining some tactical advantage over the

accused in the contemplated prosecution or for some other bad faith
purpose.

At p. 1523.

In this case, not only has the defendant failed to show that the government had any
"bad faith purpose", the Government has affirmatively explained why this indictment,
which is based on incidents which allegedly occurred in February 2003, was not returned
until January 2008.   The government's explanation is uncontroverted and clearly negates
any finding of bad faith. Additionally, the defendant could show no prejudice resulting
from the delay.  Therefore, this argument of the defendant also fails.

For these reasons, the undersigned recommends that the defendant's motion to
dismiss his indictment be **denied**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties
aggrieved by this recommendation have ten (10) business days from service of this report
and recommendation to file specific, written objections with the Clerk of Court.  A party
may respond to another party's objections within ten (10) days after being served with a
copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**
**proposed legal conclusions reflected in this Report and Recommendation within ten**
**(10) days following the date of its service, or within the time frame authorized by**
**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**
**findings or the legal conclusions accepted by the District Court, except upon**

-4-

grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79

**F.3d 1415 (5th Cir. 1996)**.

June 20, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE